

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

November 25, 1969

Honorable Harvey Davis
Executive Director
Texas State Soil and
Water Conservation Board
1018 First National Building
Temple, Texas 76501

Opinion No. M-521

Re: Texas Torts Claims Act –
Insurance purchases by Soil
Conservation Districts from
State appropriated money;
power to tax to pay claims;
and personal liability of

Dear Mr. Davis:                District Directors

You have requested our opinion on behalf of the State
Soil and Water Conservation Board, and its subordinate dis-
tricts thereunder, seeking the answer to certain questions
under the Texas Torts Claims Act (Chap. 292, Acts of the 61st
Leg., R.S., 1969, page 874, effective January 1, 1970, codi-
fied as Article 6252-19, Vernon's Civil Statutes). Your cen-
tral state agency and any local soil conservation district
created thereunder can act only in a governmental capacity so
as to carry out soil conservation practices and functions in
cooperation with the Federal Government.

Your first question asks whether your state agency or
districts created under the Soil Conservation Act, may pur-
chase insurance covering liabilities of the state agencies or
districts under the Texas Torts Claims Act from money received
from the State or earnings from money received from the State?
The answer to this question is "No" if payment is to be made
out of money appropriated by the 61st Legislature.

There is a prohibition against expenditure of any such
appropriated sums of money in the current biennium for the
purchase of insurance to cover claims under the Torts Claims
Act (General Appropriations Act, H.B. 2, 61st Leg., 2nd C.S.,
Art. V., General Provisions, Sec. 57).

-2484-

The second question involves the matter of whether a State Soil and Water Conservation District can levy ad valorem taxes for the payment of a judgment under the Texas Torts Claims Act. The District cannot levy a tax to pay such judgment, without a favorable election therefor. By the provisions of the Texas Conservation Amendment (Art. XVI, Section 59, (c) Constitution of Texas), a soil and water conservation district is a reclamation district and, therefore, is subject to the proviso that:

> "...the Legislature shall not authorize the issuance of any bonds or provide for any indebtedness against any reclamation district unless such proposition shall be first submitted to the qualified property taxpaying voters of such district and the proposition adopted." (Emphasis added.)

We duly note that under Section 2 (1), your agency and each local district are "units of government", and that Section 11 of the Torts Claims Act, provides for taxing power to districts which have a final judgment rendered against them under said Act. This provision insofar as it authorizes a tax levy without a prior vote of the voters of such district and insofar as it applies to districts created pursuant to the provision of Article XVI, Section 59 of the Constitution of Texas is inapplicable, as such would otherwise be in violation of the last proviso of Subsection (c) of said Conservation Amendment.

Your third and final question relates to whether local soil conservation district directors can become personally liable for not being able to satisfy a judgment should one arise under the Texas Torts Claims Act. Any functions performed by soil conservation districts, or by your state agency, are functions governmental in nature; such district or agency has no proprietary functions. Consequently, the directors of the Soil Conservation Districts, or the personnel in your agency, would not be personally liable as individuals for any such claim brought against the State of Texas. Section 14, Subsection (7) and Section (15), of the Texas Torts Claims Act. Your attention is further invited to the provisions therein which leave the voluntary methods of payment or non-payment of such a judgment by means of taxation, or by appropriation, to the "discretion" of those who govern your agency or the particular local soil conservation district involved.

### S U M M A R Y

The General Appropriation Act for the 1969-70 biennium prohibits purchase by soil and water conservation districts of any insurance covering liabilities under the Texas Torts Claims Act with appropriated money.

District directors are not personally liable under the Texas Torts Claims Act for failure to provide a method for payment of a final torts claims judgment.

Soil and water conservation districts cannot levy ad valorem taxes for the payment of a judgment indebtedness under the Texas Torts Claims Act without prior approval in an election by the voters of the district pursuant to Article XVI, Section 59(c), Constitution of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Jim Swearingen
Houghton Brownlee
Jack Sparks
Malcolm Quick

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant